IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD JONATHAN CARNEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| LARA ST. JOHN, | ) JURY TRIAL DEMANDED |
| Defendant | ) |

## COMPLAINT

NOW COMES Edward Jonathan Carney, Plaintiff, (hereinafter "Carney") by and through his undersigned Counsel and brings this action for damages arising from libel and slander committed by the Defendant and for grounds therefore states as follows:

## PRELIMINARY STATEMENT

1. Carney is a well-known musician who has been Concertmaster of the Baltimore Symphony Orchestra ("BSO") for more than 24 years.

2. In addition to his duties as Concertmaster Carney has enjoyed an international reputation as a concert violinist and concertmaster with orchestras and other musical events at venues all over the world. He is a resident of Maryland.

3. In early 2025 Carney and the BSO announced that Carney would be retiring as Concertmaster at the end of the 2026-2027 season and would thereafter be named Concertmaster Laureate of the Orchestra.

4. The Defendant, Lara St. John, a resident of New York City, is a professional violinist whose past credits include recordings of classical music and appearances with orchestras in various parts of the world.

1

5. This case is brought to redress libelous statements made by St. John in a letter sent to the BSO management opposing Carney's designation as Concertmaster Laureate which she published on the Internet and, upon information and belief, has been republished and communicated to thousands of individuals in the classical music community.

6. The published statements are false and defamatory.

7. The publication of these statements, many of which are libelous *per se*, has caused incalculable damage to Carney's reputation in the classical music industry and to his ability to obtain employment as a musician.

## PARTIES

8. Plaintiff Carney is an individual residing in and employed in Baltimore, Maryland. He is currently the Concertmaster of the Baltimore Symphony Orchestra.

9. Defendant St. John is an individual residing in New York County, New York State. She is an independent musician, author and producer of musical materials.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter as this is an action by and between citizens of different states in which the damages, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00) as provided in 28 U.S.C. §1332.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) as the Defendant resides and carries on a regular trade or business in this District.

## FACTS

12. On January 29, 2025, the Defendant St. John published a commentary on her Facebook page which is accessed by thousands of people in the musical community.

13. In her January 29, 2025, publication, Defendant St. John wrote, "It is appalling to me that this Carney concertmaster is now allowed to retire with heaps of laurels, while a lot of women have been harassed and abused by this guy. It's well known that he asked many women in the orchestra for sex."

14. In that same communication St. John alleged that a member of the Orchestra had obtained a restraining order against Carney and that he had arranged that his "girlfriend, now wife, could play in the Orchestra without auditioning" in violation of procedure and Union rules.

15. In that same communication Defendant St. John alleged that she had obtained "bootlegged copies" of Orchestra rehearsals in which Carney played various pieces. She characterized his playing as "mediocre student level, at best" "Dude sucks at violin."

16. On or about February 19, 2025, St. John published a letter she had sent to Mr. Mark Hanson, President and CEO of the BSO complaining that Carney was retiring from the Orchestra with the title Concertmaster Laureate. (A copy of the letter is attached hereto as Exhibit A).

17. Shortly thereafter, St. John published the letter on her Facebook page which has approximately 5,000 viewers.

18. In the letter she made the following statements:

   a. That Carney was a sexual predator who is known for actively fostering a toxic working environment.

   b. That Carney has solicited numerous women in the orchestra (sic) for sex.

   c. That Carney had made the working life of an oboist, Katherine Needleman, at the BSO unnecessarily difficult because she refused his request for sex.

   d. That Carney lied to investigators concerning his actions with Needleman

3

e. That Carney reserved substitute violin appointments in the BSO for women who would sleep with him.

f. That Carney made lewd comments about the appearance of a BSO musician when she was a student.

g. That a BSO musician obtained a restraining order against Carney.

h. That Carney took steps to ensure that his then girlfriend could perform with the Orchestra without submitting to the usual audition process.

i. That Carney has an established record as an untruthful sexual predator and workplace tyrant.

19. On or about February 28, 2025, St. John published another letter acknowledging that a similar letter had been sent by retired BSO musician Laurie Sokoloff. That communication also published on the Internet, stated that the BSO was protecting Carney, who "was a predator for decades."

20. Each of the statements recited in Paragraphs 13 through 19 are false and were made with actual knowledge of their falsity or with reckless disregard for the truth of such statements.

21. Each of the statements referred to were made with actual malice toward the Plaintiff and in complete disregard of his rights.

22. Each of the statements referred to above were made with the intent to harm the Plaintiff.

23. The Defendant knew or should have known that the statements made were false and defamatory and would cause damage to the Plaintiff's reputation and standing in the classical music community.

## FIRST CAUSE OF ACTION
Defamation – Libel

24. Plaintiff hereby incorporates by reference each and every allegation contained above as if set forth fully herein.

25. Defendant made statements about Plaintiff which Defendant knew, or reasonably should have known, were false.

26. Defendant made said statements without privilege or authorization.

27. As a direct and proximate result of the defamatory statement of Defendant St. John, the character and reputation of the Plaintiff were harmed, his standing and reputation in the musical community were impaired and he has suffered mental anguish and personal humiliation.

28. As a direct and proximate result of the defamatory statements of the Defendant St. John, Plaintiff has suffered, and will continue to suffer, in the form of future loss of prospective income which he would have earned in his work as a concert artist.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. Awarding reasonably and just compensatory damages in the amount of One Million Dollars ($1,000,000.00);

B. Punitive damages in an amount to be assessed in these proceedings;

C. Awarding attorneys' fees and costs; and

D. Ordering other and further relief as this Court deems just, proper, and equitable.

DATED:    March 27, 2025

*[signature]*

Thomas A. Capezza
Bar No. 503159
Capezza Hill, LLP
30 South Pearl Street P-110
Albany, NY 12207
518-478-6065
tom@capezzahill.com


Neil J. Ruther
M.D. Bar No. 000966
14307 Jarrettsville Pike, Suite A
Phoenix, Maryland 21131
667-308-2134
nruther@rutherlaw.net
*To be admitted Pro Hac Vice*