UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD JONATHAN CARNEY,

     Plaintiff,

-against-

LARA ST. JOHN,

     Defendant.

Civil Action No. 25-cv-2525-LAK

AFFIRMATION OF BRIAN K. BERNSTEIN, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND FOR LEGAL FEES

**BRIAN K. BERNSTEIN**, an attorney duly admitted to practice law before this Court hereby declares as follows under the penalties of perjury:

1. I am the principal of firm The Law Offices of Brian K. Bernstein, P.C., counsel to Defendant Lara St. John ("St. John" of "Defendant") in this matter.

2. I make the following affirmation in support of Defendant's motion to dismiss the Complaint filed by Plaintiff Edward Jonathan Carney ("Carney" or "Plaintiff"), and for attorneys' fees pursuant to N.Y. Civil Rights Law §70-a(1). A copy of Plaintiff's Complaint is annexed hereto as Exhibit "A".

3. Attached hereto as Exhibit "B" is a copy of the letter written by St. John to Mark C. Hanson, the President and CEO of the Boston Symphony Orchestra ("BSO"), dated February 19, 2025.

4. Attached hereto as Exhibit "C" is a copy of the Complaint filed by Katherine Needleman with the Maryland Commission on Human Rights regarding Carney's sexual harassing conduct towards her.

5. Attached hereto as Exhibit "D" is a copy of Katherine Needleman's EEOC Complaint with respect to Carney's sexual harassment.

6. In addition to an Order dismissing the action, with prejudice, St. John seeks to recover attorney's fees and costs rendered in connection with defending against Plaintiff's SLAPP suit.

7. It is respectfully requested that in the event the Court grants Defendant's motion to dismiss the Complaint in its entirety, finding that Plaintiff had not raised an actual claim of defamation, Defendant is entitled to be awarded reasonable attorney's fee under the fee shifting provision of the New York Anti-SLAPP Statute, New York Civil Rights Law § 70-a(1). In *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 2024 U.S. Dist. Lexis 214981 (November 26, 2024) (S.D.N.Y. 2024) held that § 70-a(1) applied in Federal Court and also that fee requests could be made in the original action. *See, also, Bobulinski v. Tarlov*, ___ F. Supp. 3d ___, 2025 U.S. Dist. LEXIS 51839 (S.D.N.Y. 2025).

8. In pertinent part, New York Civil Rights Law § 70-a(1)(a) provides that "[a] defendant in an action involving public petition and participation … may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorneys' fees, from any person who commenced or continued such action; provided that … costs and attorney's fees shall be recovered upon a demonstration … that the action involving public petition and participation was commenced or continued with a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." Id.

9. Indeed, much of Plaintiff's factually unsupported claims are belied by the public record, including the EEOC Complaint and Affidavit and filings with the Maryland Commission on Human Rights.

2

10. In addition, on January 23, 2005, the Violin Channel, the world's leading classical music platform, published an article, a copy of which is attached hereto as Exhibit "E," expressly referring to the reports and filings about Carney's misconduct, the temporary peace order against him for threatening an employee of the Mid-Atlantic Symphony Orchestra, reports from multiple witnesses who told investigators that Carney followed two female colleagues into a women's restroom and wanted to see them kiss. The article further states that Carney admitted to romantic relationships with three other musicians who were BSO members or substitutes, including one he initially failed to disclose to investigators.

11. Indeed, if the Defendant's motion is denied, it is respectfully submitted that the facts will bury Carney's claim and, at a minimum, embarrass the BSO and tarnish its reputation.

**Recovery of Legal Fees**

12. I have been an attorney licensed to practice law in the State of New York since 1982 and have successfully litigated on behalf of plaintiffs and defendants. I have over 43 years of litigation experience in New York State and Federal Courts.

13. My standard hourly rate is a reasonable $425/hr. I am the only attorney that worked on this matter for St. John and I have thus far expended a total number of 59.63 hours in connection with review of the Complaint, research, preparation of motions papers and formulating the litigation strategy. I will also incur additional time to prepare reply papers and to appear in Court to argue the motion.

14. In drafting the motion to dismiss, I first investigated Plaintiff's claims and any available defenses. I reviewed all relevant documents referenced in, or attached to, the

Complaint, I researched the individuals referred to in the Complaint, or which are integral to the Complaint.

15. My rate and the total hours associated with representing St. John in connection with this matter have been, and are, reasonable.

16. As a standard billing practice, I keep computer time records and I have attached a copy of legal bills reflecting the time charged and services rendered. Where appropriate, the records have been redacted. See Exhibit "F" annexed hereto.

17. Accordingly, Defendant respectfully requests that the Court grant her motion to dismiss the Complaint in its entirety and grant Defendant attorney's fees in the amount of not less than $25,679.25 (fees incurred to date) and disbursements of $158.50 for an aggregate total through May 31, 2025 of not less than $25,837.75.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated: Fort Lee, New Jersey
       June 8, 2025

Brian K. Bernstein (NY Bar No. 1882182)
Counsel for Defendant Lara St. John

4

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS**

I hereby certify that the word count of this affirmation complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this affirmation, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 880 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  Fort Lee, New Jersey
        June 8, 2025

                    LAW OFFICES OF BRIAN K. BERNSTEIN, P.C.

                    _____
                    Brian K. Bernstein (NY Bar No. 1882182)
                    2050 Center Ave., Suite 435
                    Fort Lee, NJ 07024
                    (201) 461-3800
                    brianbernstein@bkbesq.com
                    Counsel for Defendant Lara St. John